## SLEIGHT *a.* HANCOX.

*Supreme Court, First District; Special Term, March,* 1857.

COSTS.—MARINE COURT.—DEMURRER TO ANSWER.—ALLOWANCE.

The provision of the act of 1853 (*Laws,* 1165, *ch.* 617, § 1) limiting costs in certain actions when prosecuted in any other court in New York city than the Marine Court, does not apply to an action commenced in the Supreme Court in another county, but which, the place of trial being changed to the city and county of New York, is afterwards prosecuted there.

In a cause pending before the passage of the act of 1855 (*Laws,* 54, *ch.* 44) authorizing a demurrer to an answer in all cases for insufficiency, the plaintiff demurred to part of an answer which did not contain a counter-claim. The demurrer was heard and sustained.

*Held,* on taxation of costs on final judgment in the action, that the demurrer was a nullity, and there could be no costs for trying it.

Plaintiff had a verdict for $450, and an allowance of five per cent. was granted him. A new trial being ordered, his verdict thereon was only $75, on which an allowance of ten per cent. was ordered.

*Held,* that plaintiff could insert only the last allowance in his judgment.

Appeal by defendant from an adjustment of costs.

*A. H. Wallis and E. W. Stoughton,* for appellant.

*E. R. Bogardus,* for respondent.

BIRDSEYE, J.—This action was brought in July, 1854, for an assault and battery; the damages claimed being $1000. The county of Dutchess was originally named as the place of trial; the plaintiff being a resident of that county. In October, 1854, the place of trial was changed to the city and county of New York; and in January last the cause was brought to trial at the circuit, and a verdict for $75 rendered in favor of the plaintiff. The costs of the plaintiff have since been adjusted at $357.22. Several questions are now presented on the appeal from that adjustment.

It is first objected that the costs, in the whole, should not exceed the sum of $75, the damages recovered. By section 1 of chapter 617, of the Laws of 1853 (1165), it is declared that the Marine Court of the city of New York shall have jurisdiction over and cognizance of actions of assault and battery, and cer-

tain other actions, where the damages claimed do not exceed
$500 ; and the costs in all such actions, when prosecuted in any
other court in the city of New York, are limited to the amount
which would have been recovered in the Marine Court, if prose-
cuted therein ; but in no such action shall the costs exceed the
damages recovered.

The defendant contends that the steps which have been taken,
in the city of New York, since, on his own motion, the place of
trial was changed to this city, amount to a "*prosecution*" of this
action in New York, within the meaning of this act, so that the
plaintiff can recover no more costs than damages, and so that he
can only recover such costs as he could have recovered in the
Marine Court.

I cannot assent to any such position. It is by no means clear
that the continuance of an action in New York, which has been
commenced elsewhere, after the place of trial has been changed
to that city, is a *prosecution* of the action there, even within the
most literal reading of the act. But when the reason of the
enactment, the mischief which it was intended to prevent, are
considered, it is clear that the statute does not reach the present
case. The law was meant to relieve the superior courts of the
city of New York of a class of business which occupied much
time, but which was thought to interfere seriously with other
business of greater importance to the parties, and to the public
at large. The design was to discourage the commencement of
those suits in the courts of general jurisdiction in the city of New
York, and by withholding costs to induce the bringing of those
suits in the inferior court. The protection and relief were to be
given to the higher courts in the city ; not to the supreme court
in other and distant parts of the State. There was no general
complaint of an excess of such cases there; and if there had
been, it could not have been remedied by the enactment in
question. For the Marine Court could scarcely ever have juris-
diction of parties to such action, who resided elsewhere.

The plaintiff had a clear right by law (*Code*, § 125) to bring
this action in Dutchess county. No such penalty as is contended
for can now be visited upon him, because he did not leave the
county of his residence, come to the city of New York, and sub-
ject himself to the jurisdiction of this local court. The objection
must be overruled.

The next objection to the bill of costs relates to the costs of the demurrer to a portion of the answer. This demurrer was put in in August, 1854, the answer containing no counter-claim. At that time there was much conflict of opinion whether section 153 of the Code authorized the interposition of a demurrer to an answer, unless it contained a counter-claim. That such a demurrer would lie, was held in Hopkins v. Everett (6 *How. Pr. R.*, 159), Salinger v. Lusk (7 *Ib.*, 430), Wisner v. Teed (9 *Ib.*, 143), Kneedler v. Sternbergh (10 *Ib.*, 67). The opposite view was taken in Mead v. Florence (9 *Ib.*, 396), Richtmeyer v. Haskins (*Ib.*, 481), Myatt v. The Saratoga County Mutual Insurance Company (*Ib.*, 488), Perkins v. Farnham (10 *Ib.*, 120), and in several other cases. I think the weight of authority is decidedly in favor of the latter view. The demurrer thus interposed was argued and sustained; and the plaintiff now claims the costs of the demurrer. In my judgment, they cannot be allowed. The demurrer being in law a nullity, there was in fact no issue of law joined, or to be tried. Where there was no issue to be tried, there can be no costs for trying it. These items, amounting to $18.24, must be stricken out of the bill as adjusted.

After the decision on the demurrer, the cause was noticed for trial at the Dutchess circuit in September, 1854, at which an inquest was taken, and the plaintiff obtained a verdict for $450, and an allowance of five per cent. thereon was made to plaintiff. Soon after, the inquest was set aside, and the costs of both parties thereon were ordered to abide the event of the action. The plaintiff now claims the allowance then made him, though it is more than three times as great as the Code warrants his recovering, and though the court gave him another allowance of ten per cent. on his last verdict. That allowance is the utmost he can in any event recover, being fully up to the limit allowed (*Code*, §§ 308, 309). In whatever manner the conflict of opinion between the cases of Hicks v. Waltermire (7 *How. Pr. R.*, 371), and Ellsworth v. Gooding (8 *Ib.*, 3), shall finally be settled, there can be no doubt that the clerk properly rejected the plaintiff's claim to this first allowance.*

---

* See McQuade v. The New York & Erie Railroad Company (11 *How. Pr. R.*, 434), where it was held by the general term of the Superior Court that an order for an allowance made at the circuit on the rendition of the verdict, is ineffectual if the verdict is afterwards set aside, and a new trial ordered.

The attendance of the plaintiff's witnesses is sufficiently proved. That proof may be presented to the clerk on the adjustment. It need not be served, beforehand, on the opposite party. The item for sheriff's fees on execution, among the costs of the Dutchess circuit, must be stricken out, as no execution was issued.

The costs must be readjusted, and the items above indicated disallowed.

## CATLIN a. LATSON.

*Supreme Court, First District; Special Term, March,* 1857.

JOINT DEBTORS.—ENTRY OF JUDGMENT.—AFFIDAVIT OF NO ANSWER.

Where a number of defendants are sued upon a *joint* liability, and some defend while one fails to answer, the defence put in prevents the plaintiff from taking any judgment against either of the defendants, until it has been disposed of on a trial.

The former practice in England and in this State, in respect to the entry of interlocutory judgment against a defendant making default to plead, pending the trial of the issue against his co-defendant,—reviewed.

It is not necessary to the regularity of a judgment against joint debtors, some of whom have answered and the others have not, that the judgment-roll should contain an affidavit of no answer as respects the latter. The provision of section 246 of the Code, relative to such affidavit, does not embrace such a judgment.

It is not usual, and is rarely proper, to try upon affidavits the question whether defendant has a good defence, arising on a motion, by defendant, after judgment to be let in to defend.

But where it clearly appears that the defence suggested has no foundation in fact, that may be taken into view in disposing of the application.

Motion by one of several defendants to vacate a judgment as against him for irregularity; or to allow him to come in and defend on the merits.

This action was commenced in the fall of 1853, by Albert L. Catlin against John W. Latson, William Fowler, and Calvin O. Billings, to recover the amount of two promissory notes made by Latson, each dated January 14, 1852, for $407.65, and payable to the order of "Fowler & Billings," the one at ten, the other at twenty months after date. The defendants Fowler and